IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **FEDERATED MUTUAL INSURANCE COMPANY,** | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 06-403-KD-M |
| **BAYSIDE MARINE CONSTRUCTION, JAMES SKINNER; W.H. TRUCKING, INC., FAIRVILLE CREDIT COMPANY, MIDDLE BAY LUMBER, L.L.C., ALLISON HENDERSON and DEVAN HENDERSON** | |
| Defendants. | |

**<u>ORDER</u>** [1]

This matter is before the Court on the following: plaintiff Federated Mutual Insurance Company's motion for default judgment as to defendants W.H. Trucking, Devan Henderson and Allison Henderson (Doc. 39); plaintiff's motion for default judgment against defendant Middle Bay Lumber Company (Doc. 15), and plaintiff's motion for default judgment against defendants Bayside Marine Construction and James N. Skinner (Doc. 30).

---

[1] The Court has concluded that a damages hearing on the issue of default judgment is unnecessary.

I.      Procedural Background

On July 11, 2006 plaintiff, Federated Mutual Insurance Company, ("Federated Mutual" or "plaintiff") filed the instant complaint for declaratory judgment against defendants Bayside Marine Construction ("Bayside Marine") and James Skinner ("Skinner").  (Doc. 1) On July 12, 2006 prior to service of the initial complaint, plaintiff filed a First Amended Complaint adding as defendants W.H. Trucking, Inc., ("W.H. Trucking"), Fairville Credit Company ("Fairville"), Middle Bay Lumber, L.L.C., ("Middle Bay") Allison Henderson and Devan Henderson ("Hendersons").  (Doc. 4)

On August 17, 2005 plaintiff and defendant Fairville entered into a joint stipulation to dismiss Fairville as a defendant in this action.  (Doc. 8) No objection was filed by the other defendants and Fairville was subsequently dismissed from this litigation.  (Doc. 9)

On August 25, 2006 plaintiff filed a motion for default judgment [2] as to defendant

---

[2]  Rule 55 of the Federal Rules of Civil Procedure, states, in pertinent part:

(b) Judgment. Judgment by default may be entered as follows:

(2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Middle Bay (Doc. 10) The court denied the motion on August 29, 2006 (Doc. 13) on the grounds that plaintiff failed to comply with the procedures set forth by Fed. R. Civ. P. 55(a). On September 14, 2006, plaintiff filed a second motion for entry of default as to defendant Middle Bay . (Doc. 14) The clerk entered default as to Middle Bay on September 15, 2006. (Doc. 17)

On November 7, 2006 plaintiff filed a motion for Clerk's Entry of Default as to Bayside Marine and Skinner (Doc. 27) The clerk entered default against Bayside Marine and Skinner on November 8, 2006 (Doc. 28) and on November 10, 2006 plaintiff moved for motion for default judgment as to these two defendants. (Doc. 30)

On December 13, 2006 plaintiff filed an application for clerk's entry of default judgment against defendants W.H. Trucking, Inc., Devan Henderson and Allison Henderson. (Doc. 37) On December 14, 2006 the clerk entered default judgment against defendants Allison Henderson, Devan Henderson, W.H. Trucking, Inc. (Doc. 38) Thereafter, on December 19, 2006, plaintiff filed a motion for default judgment as to W.H. Trucking, Devan Henderson and Allison Henderson. (Doc. 39)

II.     Factual Background

1.      Federated Mutual issued an insurance policy (No. 9304841) to Middle Bay Lumber for the policy period April 21, 2004 to April 21, 2005. (Doc. 4, Exhibit A)

2.      Defendant James Skinner is a member Middle Bay Lumber, L.L.C.

3.      Devan Henderson and Allison Henderson are owners and/or officers of W.H. Trucking, Inc., and may have ownership interest in the dump trucks and "dirt pit"

---

Fed. R. Civ. P. 55(b)(emphasis added)

4. In or around September 2004, Bayside Marine, Skinner and W. H. Trucking negotiated the sale of five commercial dump trucks and the sale of a piece of property known as the "dirt pit."  (Doc. 4, Exhibit B) The purchase price for the dump trucks was $40,000.00, representing W.H. Trucking's equity in the trucks.

5. Pursuant to the agreement, Bayside Marine agreed to assume the existing indebtedness on the trucks and to refinance the existing indebtedness to remove W.H. Trucking as a debtor on the trucks.

6. The agreement also documents a first right of refusal granted by W.H. Trucking to Bayside Marine regarding the sale of a "dirt pit" owned by W. H. Trucking.

7. On or about March 15, 2005 Bayside Marine and Skinner filed a lawsuit styled <u>Bayside Marine Construction and James Skinner v. W. H. Trucking, Inc., Devan Henderson, Allison Henderson and Fairville Credit Company</u> (CV-05-919) in the Circuit Court of Mobile County, Alabama arising out of the apparently failed business transaction involving Bayside Marine, Skinner and W. H. Trucking.  The nine count complaint alleges the following:  recision; breach of warranty, fraud in the inducement and fraudulent suppression; trespass; conversion; theft; assault and assault with a deadly weapon; conspiracy to defraud, convert and steal; tortious interference, and outrage.  (Doc. 4, Exhibit C)  Specifically, the complaint alleges that Bayside Marine and Skinner began using the dump trucks to haul debris on Dauphin Island and that they used the profits from the business to satisfy their financial obligations under the agreement.  (<u>Id.</u>)  Bayside Marine and Skinner further allege that they attempted to refinance the indebtedness on the trucks and made monthly payments to the lien holder, Fairville Credit Company.  (<u>Id.</u> at ¶4)  Thereafter, Bayside Marine and Skinner allege that W.H. Trucking, along with other defendants

"under the cover of darkness, removed the license tags from the two Sterling and Peterbilt dump trucks." (Id. at ¶ 7) Bayside Marine and Skinner further allege that as a result of the missing license tags, the U.S. Army Corps of Engineers prevented Bayside Marine from conducting its hauling operation, thereby rendering Bayside Marine unable to generate income necessary to satisfy the financial obligations under the agreement with W. H. Trucking. (Id. at ¶8)

8. Bayside Marine and Skinner further allege that, at some point after the removal of the license tags, they learned that W. H. Trucking and the other defendants misrepresented the amount of indebtedness on the dump trucks. (Id. at ¶9) Bayside Marine and Skinner then returned the trucks to W.H. Trucking and demanded that they produce the titles to the vehicles or return the money Bayside Marine and Skinner paid. (Id. at ¶10) Bayside Marine further alleges that thereafter, W.H. Trucking refused to return the trucks to Bayside Marine and Skinner. (Id. at ¶ 15)

9. In addition to the dispute over the trucks, Bayside Marine and Skinner allege that W.H. Trucking misrepresented certain conditions regarding the use and permit requirements for the "dirt pit." (Id. at ¶¶ 20-26)

10. On January 25, 2006, the Mobile County Circuit Court entered a default judgment against W.H. Trucking and Devan Henderson in the amount of $443, 846.21. (Doc. 4, Exhibit G)

11. On or around February 10, 2006, counsel for Bayside Marine notified plaintiff, Federated Mutual of the judgment against Bayside Marine and made a demand for payment of "policy limits." A second letter followed on May 23, 2006. (Doc. 4, Exhibits H, I)

III.    Discussion

Federated Mutual contends that it does not insure W. H. Trucking and the subject Federated Mutual insurance policy does not offer coverage to W.H. Trucking and the other defendants named in Bayside Marine's state court lawsuit. (Doc. 4 at ¶ 43) Federated Mutual further contends that it is not responsible to pay any damages as set forth in the underlying lawsuit. (Id. at ¶44)

Federated Mutual argues that the insurance policy at issue in this declaratory judgment action does not provide coverage to Bayside Marine or Skinner for the following reasons: (1) the Federated Mutual policy does not cover any damages which are the basis of the judgment obtained by Bayside Marine and Skinner against W.H. Trucking and the other defendants; (2) the Memorandum Agreement between Bayside Marine and W.H. Trucking is not an insured contract; (3) The dump trucks have not been stolen or are otherwise the subject of theft or a covered loss or occurrence; (4) no occurrence, loss or damage has occurred under the Federated Mutual policy; (5) Bayside Marine is not an insured under the Federated Mutual policy; (6) Bayside Marine does not and did not own the dump truck when the events described in the underlying lawsuits occurred; (7) Bayside Marine and Skinner have not complied with the notice provisions of the subject insurance policy; (8) the Federated Mutual policy does not insure, cover or apply to the "dirt pit." (Doc. 4 at ¶ 50)

Federated Mutual seeks a determination from this Court that the subject insurance policy does not extend coverage to or for any claims, damages and events arising out, related to or regarding the lawsuit styled <u>Bayside Marine Construction and James Skinner v. W. H. Trucking, Inc.,</u> (CV-05-919) in the Circuit Court of Mobile County, Alabama. Federated Mutual further seeks a determination from the Court that (to the extent the claims and damages asserted in the

underlying state court suit fall outside the scope of the coverage provided under the subject insurance policy) Federated Mutual owes no money, obligation or coverage to Middle Bay Lumber, Bayside Marine and Skinner or any other defendants in this case.

The Court finds that it has jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. § 2201. [3] The Court further finds that the defendants W.H. Trucking, Allison Henderson, Devan Henderson, Middle Bay, Bayside Marine, and James Skinner to be in default and that a judgment by default in favor of the plaintiff is appropriate in this case. Accordingly, plaintiff's motion for default judgment against these defendants is granted. The Court determines that under Federated Mutual Policy No. 9304841, Federated Mutual has no duty to extend coverage for any claims asserted or sought to be asserted by Middle Bay Lumber, Bayside Marine and Skinner or any other defendants in this case.

IV.     Conclusion

Accordingly, plaintiff's motion for default judgment against defendants W.H. Trucking,

---

[3] 28 U.S.C. 2201 provides, in pertinent part:

a) In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

Allison Henderson, Devan Henderson, Middle Bay, Bayside Marine, and James Skinner is **GRANTED.**

    **DONE** and **ORDERED** this the 21st day of May, 2007.

                           /s/ Kristi K. DuBose
                           **KRISTI K. DuBOSE**
                           **UNITED STATES DISTRICT JUDGE**